IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RICHARD LYNN DOPP, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. CIV-18-520-D |
| ) | |
| TERESA McCOIN, *et al.*,[1] ) | |
| ) | |
| Respondents. ) | |

# **O R D E R**

This matter is before the Court for review of the Report and Recommendation [Doc. No. 30] issued by United States Magistrate Judge Bernard M. Jones pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). Addressing the merits of the Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241, Judge Jones recommends granting the Petition on one of three grounds asserted by Petitioner for relief from prison discipline. Petitioner has filed a timely written objection [Doc. No. 31]. Thus, the Court must make a *de novo* determination of portions of the Report to which a specific objection is made, and may accept, modify, or reject the recommended decision in whole or in part. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).[2]

---

[1] The Court adopts the magistrate judge's substitution of parties and amendment of the caption to reflect the proper respondents.

[2] Respondents did not file a written objection and, thus, have waived further review of all issues addressed in the Report. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Petitioner Richard L. Dopp, a state prisoner appearing *pro se*, seeks relief from three disciplinary convictions that occurred during his confinement by the Oklahoma Department of Corrections ("ODOC").[3] He was found guilty of misconduct charges for escape (2010), possession of contraband (2011), and disruptive behavior (2012). At the time of these convictions, Petitioner was serving a sentence of life imprisonment without the possibility of parole, and penalties of lost earned credits could not be administered. When Petitioner's prison sentence was commuted to a term of 30 years in 2018, however, ODOC officials calculated an amount of time remaining to be served and included lost-credit deductions for past misconduct penalties.

In Grounds One through Three of the Petition, Petitioner claims he was denied due process with respect to each of the three misconduct charges and was wrongly convicted of the offenses. In Ground Four, he claims that ODOC officials have miscalculated the time remaining on his 30-year sentence because he has not received all earned credits to which he was entitled without the misconduct offenses. Petitioner requests expungement of the misconduct convictions from his prison record, restoration of earned credits, and recalculation of his remaining time to be served. *See* Pet. at 9.

Addressing the merits of Petitioner's claims based on the Petition and Response, as well as the parties' supplemental filings and briefs, Judge Jones finds that Petitioner has failed to establish a denial of due process regarding the convictions for escape and

---

[3] Although Petitioner has been released on parole, he is deemed legally "in custody" for purposes of habeas corpus relief. *See* R&R at 3; *see also Calhoun v. Attorney Gen.*, 745 F.3d 1070, 1073 (10th Cir. 2014) (petitioner need not "show actual, physical custody to obtain relief;" "[h]abeas corpus is available for prisoners released on parole").

disruptive behavior, but that Petitioner is entitled to relief from the discipline he received for possession of contraband. Judge Jones recommends that Respondents be ordered to expunge this disciplinary conviction from Petitioner's prison record, restore the 60 earned credits that were lost due to the conviction, and recalculate Petitioner's time served and projected release date.

Liberally construing the Objection due to Petitioner's *pro se* status, he challenges certain unfavorable findings regarding Grounds One and Three of the Petition. First, as to the escape conviction, Petitioner asserts that Judge Jones erred by: a) using the standard established by *Sandin v. Connor*, 515 U.S. 472, 484 (1995), to find that no due process claim could be based on Petitioner's placement in administrative or disciplinary segregation before he was charged with misconduct; b) finding harmless error in ODOC's refusal to allow Petitioner to call witnesses or present evidence; and c) finding the escape charge was sufficiently proven. Second, Petitioner challenges Judge Jones' finding that his claim regarding the disruptive behavior conviction is moot.

Upon *de novo* consideration, the Court finds no merit in Petitioner's arguments and no error in Judge Jones' findings and conclusions. With regard to the escape charge, the Court is familiar with the circumstances of Petitioner's release from custody by private prison officials at Lawton Correctional Facility, which form the basis of the charge and have been the subject of numerous motions, pleadings, and filings in prior cases.[4]

---

[4] *See Dopp v. Jones*, Case No. CIV-06-842-D, Order at 2-3 (W.D. Okla. Dec. 30, 2009) (upheld by Order of June 29, 2010); *Dopp v. Jones*, Case No. CIV-11-1495-D, 2013 WL 1181482, *1-3 (W.D. Okla. March 20, 2013); *Dopp v. Jones*, Case No. CIV-14-961-D, Order at 4, 6-7 (W.D. Okla. Oct. 10, 2014), *modified by* 2014 WL 5795787 (W.D. Okla. Nov. 6, 2014); *see also Dopp*

Petitioner has also made numerous challenges to his mistaken release and reincarceration in other state and federal courts. The Tenth Circuit summarized the underlying facts in 2012, in a case where Petitioner unsuccessfully sought habeas relief under § 2254 in the Northern District of Oklahoma, as follows:

> In 2009, Dopp was released from prison on a Certificate of Release that the state court found was secured through the use of a fraudulent document purporting to be an amended judgment and sentence. Shortly after his release, Department of Correction (DOC) Internal Affairs officials located Dopp at his mother's house and took him back into custody. Dopp contends that the DOC officials violated his constitutional rights because they entered his mother's house without her consent, arrested him without a warrant, and did not provide him a probable cause hearing before returning him to prison to serve the remainder of his LWOP [life without parole] sentence. He also argues that the State should be bound by the Certificate of Release on contract principles.
>
> Dopp does not dispute the state court's finding that his release was secured through the use of a fraudulent document purporting to be an amended judgment and sentence or its finding that his original LWOP sentence was never lawfully altered. Because Dopp does not dispute that he was lawfully subject to imprisonment for the remainder of his life without the possibility of parole, he has no colorable claim that DOC officials violated his constitutional rights by returning him to custody to serve the remainder of that sentence. Nor does his contention that the Certificate of Release constitutes an enforceable contract state a colorable claim for the denial of a constitutional right.

*Dopp v. Workman*, 502 F. App'x 797, 800-01 (10th Cir. 2012).

### A.     Placement in Segregation Without a Misconduct Charge

The Court first considers Petitioner's argument regarding the legal standard governing the part of his claim in Ground One that he was entitled to due process when he

---

*v. Jones*, Case No. CIV-12-703-D, Order, 2013 WL 1154913, *1 (W.D. Okla. March 20, 2013), *appeal dismissed*, 562 F. App'x 637 (10th Cir. 2014); *Dopp v. Patton*, Case No. CIV-14-453-D, Order, 2013 WL 3700852, *1 (W.D. Okla. July 25, 2014).

was placed in segregation immediately upon being returned to ODOC custody, before the escape charge was filed. Petitioner is simply incorrect in asserting that *Sandin* is inapplicable. Judge Jones follows controlling Tenth Circuit caselaw applying *Sandin* in the context of due-process challenges to prison placements. *See* R&R at 6 (quoting *Grissom v. Roberts*, 902 F.3d 1162, 1169 (10th Cir. 2018) (applying factors announced in *Estate of DiMarco v. Wyo. Dep't of Corr.*, 473 F.3d 1134, 1342 (10th Cir. 2007)). Petitioner is also mistaken in arguing that *Sandin* does not apply in § 2241 habeas corpus cases. *See, e.g., Grossman v. Bruce*, 447 F.3d 801, 805-06 (10th Cir. 2006); *Wilson v. Jones*, 430 F.3d 1113, 1117 (10th Cir. 2005).[5]

Turning to Judge Jones' findings regarding the *DiMarco* factors, Petitioner appears to challenge only one of them. Petitioner asserts that he was placed in a disciplinary unit of segregated or restricted housing at the Oklahoma State Penitentiary ("OSP"), where the conditions were sufficiently extreme to be considered "atypical" under *Sandin*. *See* Obj'n at 1. To support this argument, Petitioner submits an affidavit signed by another prisoner in December 2009. *See id.* at 1, 4. The Court declines to consider new matter raised in response to a magistrate judge's report. *See Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived."); *see also ClearOne Commc'ns, Inc. v. Biamp Sys.*,

---

[5] Alternatively, if Petitioner's challenge to his pre-disciplinary placement in a segregated housing unit were treated as a conditions-of-confinement claim, it would not be cognizable under § 2241 but would require a civil rights action under § 1983, and there would be no available habeas remedy. *See Dopp v. Jones*, 562 F. App'x 637, 639-40 (10th Cir. 2014).

5

653 F.3d 1163, 1184-85 (10th Cir. 2011); *Abdulhaseeb v. Calbone*, 600 F.3d 1301, 1310 (10th Cir. 2010).

Further, the Court concurs in Judge Jones' ultimate finding that Petitioner has not shown he had a liberty interest in avoiding confinement in extreme conditions under the circumstances surrounding his return to ODOC custody in 2009. *See Rezaq v. Nalley*, 677 F.3d 1001, 1013 (10th Cir. 2012) ("extreme conditions in administrative segregation do not, on their own," create a liberty interest). "[T]he proper approach is a fact-driven assessment that accounts for the totality of conditions presented by a given inmate's sentence and confinement," and the *DiMarco* factors may properly be used to guide the inquiry. *Id*. at 1012. In this case, Petitioner does not dispute Judge Erwin's findings that his placement served a legitimate penological interest given ODOC's determination that he presented a safety risk, that his placement was regularly reviewed before the escape charge was served, that the conditions were not extreme compared to other OSP prisoners, and that the placement did not increase the duration of Petitioner's confinement.[6] Thus, no liberty interest was created by the pre-charge confinement.

---

[6] Petitioner instead relies on the alleged fact that he was held in a disciplinary unit rather than an administrative segregation unit before he was convicted of escape; he points to his own verified statement in Exhibit 2 to Respondents' Answer [Doc. No. 24-2] that he was placed in OSP's "disciplinary unit" for 32 days in November 2009. *See* Obj'n at 1. The Petition does not allege, and Petitioner has not shown, that the conditions under which he was confined in the "disciplinary unit" were significantly different from other restrictive housing conditions at OSP, where he was assigned upon his return to ODOC custody in 2009. *See Rezaq*, 677 F.3d at 1015 (comparing conditions in federal ADX facility "to those routinely imposed in the administration segregation setting").

6

**B.     Discipline for Escape**

Turning to the merits of Petitioner's due process claim regarding the lost-credits assessed for his escape misconduct, he challenges both the disciplinary hearing and the sufficiency of the evidence to support the disciplinary conviction. There is no question that Petitioner was denied the testimony of two requested witnesses, who were the ODOC internal affairs officers who interviewed him about the circumstances of his 2009 release. The hearing officer determined the proposed testimony was irrelevant because Petitioner wanted the witnesses to testify about an alleged agreement that no criminal or misconduct charges would be brought if he cooperated with their investigation. *See* Answer, Ex. 2 [Doc. No. 24-2] at 4-5 (stating officer's reason for disqualifying witnesses: "[t]he I/A investigator deal is not part of this misconduct").

Petitioner now argues that the hearing officer misunderstood the purpose of the witnesses' testimony. This argument lacks factual support in the record. *See id*. at 3 (stating Petitioner's reasons for calling the witnesses) and 8 (Petitioner's verified statement describing the agreement and anticipated testimony). Further, Petitioner's newly alleged reason for requesting these witnesses – and his argument that their testimony might have affected the outcome of the hearing – is purely speculative. Petitioner poses a hypothetical situation in which one or both officers might have testified that he did <u>not</u> admit having provided a fraudulent document. *See* Obj'n at 2. This unsupported argument is insufficient to show either that the hearing officer erred in denying Petitioner's request for witnesses or that any error was harmless.

Similarly, Petitioner contends it is unclear whether the hearing officer considered his proposed documentary evidence – the certificate of release authorizing him to leave ODOC custody – and he argues that this evidence prevents a finding of "escape" as defined by ODOC rules. *Id*. The Court agrees that the record does not show the certificate was considered. However, Petitioner's argument that it is dispositive of the misconduct charge is unfounded. The escape charge was based on Petitioner's part in providing a fraudulent document that resulted in the issuance of a certificate of release; the fact that the certificate existed or facially authorized his release was irrelevant to the finding of misconduct.

Finally, Petitioner asserts that the only witness against him lacked personal knowledge of the events and the hearing officer's finding of guilt is based on double hearsay. The evidence consisted of the reporting officer, C. Manuel, testifying that Petitioner admitted during the internal affairs investigation that he "did provide a fraudulent 'Modified Judgment and Sentence' that resulted in the offender being released from custody via the fraudulent document." *See* Answer, Ex. 2 at 1, 11. Without citing any legal authority, Petitioner argues that numerous courts have "repeatedly held . . . that 'some evidence' is lacking when only second-hand heresay [sic] is relied upon." *See* Obj'n at 2.

Upon consideration of the record, the Court finds it unclear whether Mr. Manuel's testimony was the only evidence; a record of delivery of evidence to Petitioner shows that he received both the offense report (charging him with misconduct) and a copy of the "investigators report." *See* Answer, Ex. 2 at 6. Further, Mr. Manuel could testify based on his knowledge of the report, which was an ODOC business record, and could properly
8

summarize or describe its content and findings. In any event, the Court's research reveals that Petitioner is simply incorrect in arguing that the "some evidence" standard of due process requires compliance with formal rules of evidence or precludes the use of hearsay. "The touchstone is reliability." *See Taylor v. Wallace*, 931 F.2d 698, 702 (10th Cir. 1991); *see also Freeman v. Carroll*, 506 F. App'x 694, 704 (10th Cir. 2012) (distinguishing *Taylor* and other hearsay cases involving a confidential informant or inmate victim who refuses to testify). Under the circumstances of this case, where ODOC thoroughly investigated the circumstances of Petitioner's mistaken release from custody and the part he played in it, the Court concludes that Petitioner has not shown the hearing officer's finding of misconduct was based on insufficient evidence.

C. **Discipline for Disruptive Conduct**

Regarding the disruptive conduct conviction, Petitioner contends Judge Jones erred in finding the charge was dismissed and no lost credits were assessed for it. Petitioner's argument is based, however, entirely on an uncertainty in ODOC's financial records about whether the $5.00 penalty assessed for the misconduct was properly restored to his inmate account. *See* Obj'n at 2. Petitioner does not dispute Judge Jones' finding, and ODOC's consolidated record card for Petitioner confirms, that a 60-day loss of earned credits for this misconduct charge was not assessed. Thus, the Court finds that Petitioner has failed to establish any basis for habeas relief on the claim asserted in Ground Three.

**Conclusion**

For these reasons, upon *de novo* consideration, the Court finds that the claim asserted in Ground Two of the Petition has merit and habeas relief should be granted

regarding Petitioner's discipline for possession of contraband. The Court further finds regarding the claims asserted in Grounds One and Three that the Petition should be denied.

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 30] is ADOPTED. The Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 [Doc. No. 1] is GRANTED in part and DENIED in part. Petitioner is entitled to relief only on Ground Two. A separate judgment shall be entered accordingly.

IT IS FURTHER ORDERED that Respondents shall expunge from ODOC records regarding Petitioner a January 7, 2011 misconduct for possession of contraband, restore the 60 earned-credits that were lost as punishment, and recalculate Petitioner's remaining time to be served within 30 days from the date of this Order.

IT IS SO ORDERED this 2nd day of May 2019.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE