IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| RICHARD LYNN DOPP, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-18-520-D |
| | ) | |
| TERESA McCOIN, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

**O R D E R**

Petitioner, a prisoner appearing *pro se*, has filed a Notice of Intent to Appeal [Doc. No. 37], which is construed as an implied application for a certificate of appealability (COA) to appeal a partial denial of his Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. *See* 5/2/19 Order [Doc. No. 32]; *see also* 28 U.S.C. § 2253(c)(1)(A).

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, which may also apply in § 2241 cases, the Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a petitioner. Because the Court entered a judgment in Petitioner's favor in this case, it did not consider the issue of whether to grant or deny a COA at the time the judgment was entered. After Petitioner appealed, however, the Tenth Circuit ordered a limited remand "to consider whether to issue a COA for this appeal." *See Dopp v. McCoin*, No. 19-6089, Order (10th Cir. May 31, 2019).

A COA may issue only if Petitioner "has made a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's

resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This determination "requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El*, 537 U.S. at 336. Petitioner need not prove the merits of his case, but he must demonstrate "something more than the absence of frivolity or the existence of mere good faith" on his part. *Id*. at 338 (internal quotations omitted). "Where a district court has rejected the constitutional claims on the merits, . . . [t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484.

Upon review of the record, the magistrate judge's Report and Recommendation, Petitioner's Objection, the Order adopting the Report, and Petitioner's post-judgment motions, the Court finds no issue presented and decided in this case on which reasonable jurists would find the Court's ruling was debatable or wrong. To the contrary, on the primary issue raised by Petitioner regarding his confinement in a disciplinary housing unit before a misconduct charge of escape was adjudicated, the court of appeals' recent opinion in *Al-Turki v. Tomsic* , No. 18-1226, 2019 WL 2402361, *5-6 (10th Cir. June 7, 2019) (to be published), confirms the correctness of the Court's ruling in this case that *Sandin v. Conner*, 515 U.S. 472 (1995), supplies the proper standard for determining whether Petitioner's placement implicated a liberty interest. Accordingly, Petitioner's implied request for a COA is DENIED.

IT IS SO ORDERED this 12th day of June, 2019.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE